UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MR. GEROD MOBLEY,

                                Plaintiff,                   **ORDER**

            -against-                             CV 02-6605 (DRH)

GERARD ORAGA, *et al.*,

                                Defendants.
----------------------------------------------------------------X

**ORENSTEIN, Magistrate Judge:**

      The plaintiff moves for relief based upon defendants' alleged deliberate misleading of the court regarding the identity of certain described proposed defendants. *Motion To Deliberate Misleading of the Court by N.Y.C. DOC Legal Department or Defendants,* dated September 11, 2006. The defendants have made no response.

      The plaintiff's dispute concerns the revelation of the whereabouts or proper spelling or identity of three persons, a Captain Dagren or Dagen, Captain Moore #332 (apparently shield #332) and C.O. R. Vismale.

      The plaintiff herein amended the complaint to include additional defendants. *See Docket Entry No. 148 and entries preceding back to Docket Entry No. 139.*

      The U.S. Marshal attempted to serve the summons and amended complaint upon the above named individuals.

      Service was executed on C.O. R. Vismale and the answer is due by November 1, 2006. *Docket Entry No. 156.*

      However, the documents attached to plaintiff's motion reflect a notation regarding Captain Dagren or Dagen, "8-29-06 NYC DOC cannot locate Capt. Dagren or Dagen. No record under either name."

      Plaintiff's document which is dated August 25, 2000 clearly demonstrates that the supervisor's name on the injury to inmate report is "Capt. Dagren." Moreover page 492 of the log also clearly reflects the name Captain Dagren.

      Therefore the defendants, through its attorney is directed to look up the last known address of Captain Dagren, if he is now retired, or if employed at another institution and provide such address to the U.S. Marshal in this District so service of Captain Dagren is executed.

Likewise, the notation on the document of Process Receipt and Return states, "8-29-06 NYC DOC Legal cannot locate Capt. Moore. No record of Capt. Moore." Page 487 of the log book for November 30, 2000 and the Injury To Inmate Report clearly reflect the supervisor to be Moore #332 and he signed an investigative report on December 6, 2000.

It goes without question that NYC DOC is not forthcoming.

The defendants' attorney shall correct this matter and provide the proper addresses for service of Captain Dagren and Captain Moore #332 to the U.S. Marshal by November 15, 2006.

**SO ORDERED.**

Dated: Central Islip, New York
October 18, 2006

MICHAEL L. ORENSTEIN
United States Magistrate Judge